UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

BRUCE MITCHELL                          §
AND ANGELA MITCHELL,                    §
      Plaintiffs,                       §
                                    §
                                    §
v.                                      §    Civil Action No. CIV-24-232-HE
                                    §
RV RETAILER OKLAHOMA, LLC               §
D/B/A BLUE COMPASS RV,                  §
AND ALLIANT CREDIT UNION                §
      Defendants.                       §

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Petitioners, Defendants RV Retailer Oklahoma, LLC d/b/a Blue Compass RV formerly d/b/a Floyds RV ("Blue Compass"), and Alliant Credit Union ("Alliant," with Blue Compass, collectively, "Petitioners" or "Movants"), by and through their counsel, Randall Calvert, hereby remove the above-captioned state court action, currently pending in the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the District of Oklahoma. In support of removal, Movant respectfully shows as follows:

## BACKGROUND

1. Bruce Mitchell and Angela Mitchell ("Plaintiffs") filed an action on or about February 9, 2024, under Case No. CJ-2024-888, in the District Court of Oklahoma County ("State Court Action"), asserting claims under Federal Trade Commission Rule 16 C.F.R § 143, et seq., Oklahoma Consumer Protection Act, breach of

1

express and implied warranties and Conversion. *See* a true and correct copy of Plaintiffs' Petition ("Complaint"), attached hereto as Exhibit "1."

2.    Movants were served with the Complaint on February 12, 2024.

3.    The Complaint alleges in or around October 2022, Plaintiffs purchased a used 2016 DRV LX 450 fifth wheel recreational vehicle trailer ("RV Trailer") from Blue Compass (the "Purchase). *See* Exhibit "1" at ¶ 1-3.

4.    Plaintiffs financed the Purchase, and the debt was assigned to Alliant. *See* Exhibit "1" at ¶ 6.

5.    Allegedly, the RV Trailer "had major water damage that had previously been repaired, but which had occurred over a lengthy time." *See* Exhibit "1" at ¶ 11.

6.    On October 4, 2023, Plaintiffs allegedly learned the RV Trailer required repairs totaling $28,273.58. *See* Exhibit "1" at ¶ 12, Exhibit 1.

7.    Plaintiffs' Complaint did not plead a specific monetary amount of damages but requests, *inter alia*, rescission of the contract, return of all monies expended by Plaintiffs as a result of the purchase money loan assigned to Alliant, actual, consequential, statutory, exemplary damages, attorney fees, and costs of suit. *See* Exhibit "1" at ¶¶ 13, 15.

8.    Plaintiffs allege $28,273.58 in out-of-pocket repairs. *See* Exhibit "1" at ¶12, Exhibit 1.

9.    Plaintiffs purchased the RV Trailer for $81,371. *See* a true and correct copy of the Buyer's Order signed by Plaintiffs attached hereto as Exhibit "2". The amount in controversy exceeds $75,000 based on Plaintiffs' out of pocket repairs and demand for rescission of the contract. In cases where a plaintiff seeks to rescind a contract,

the contract's entire value, without offset, is the amount in controversy. *See, Associated Press v. Berger*, 460 F. Supp. 1003, 1004 (W.D. Tex. 1978) (citing *Jones v. Landry*, 387 F.2d 102  (5th Cir. 1967) (holding that though defendant claimed offset, the amount in controversy should not consider the offset)); *Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 133 n.5 (7th Cir. 1982) (holding that in a case of contract recission, the amount in controversy is a net figure not including counterclaims or offsets); *Savarse v. Edrick Transfer Storage, Inc.*, 513 F.2d 140, 142 (9th Cir. 1975) (declining to count offset against amount in controversy); *Cohen v. North Ridge Farms, Inc.*, 712 F. Supp. 1265, 1266 (E.D. Ky. 1989) (holding that amount in controversy is met in diversity action, in which plaintiff sought recission of contract for purchase of a returnable good, without regard to offset); *Bailey v. Romney*, 359 F. Supp. 596, 599 (D.D.C. 1972) (finding that the amount in controversy is clearly satisfied where plaintiffs seek to rescind the purchase of their homes and homes are worth a substantial sum).

10. Thirty (30) days from service of Plaintiffs' Complaint will be March 14, 2024.

11. Upon information and belief, no further proceedings have occurred in the State Court Action.

## **BASIS FOR REMOVAL**

12. Movants have a statutory right to remove cases based upon diversity of citizenship. 28 U.S.C. § 1332.

13. Specifically, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between--(1) Citizens of different States..."

14. Upon information and belief, Movants state that diversity of citizenship exists between the parties in controversy as follows:

a. At the commencement of this action and the filing of the Complaint, upon information and belief, Plaintiffs were citizens of Wyoming. *See* Exhibit "1" at ¶ 9,10.

b. Defendant, Blue Compass is directly, and indirectly through its sole member, a citizen of Delaware, Texas, Florida, Arizona, Maryland, Pennsylvania, Georgia and Washington, D.C. Blue Compass is a limited liability company formed under the laws of the Delaware, with its principal place of business in Florida. Blue Compass's sole member is Blue Compass RV, LLC. Blue Compass RV, LLC is a citizen of Texas, Florida, Arizona, Maryland, Pennsylvania, Georgia and Washington, D.C. *See* Exhibit "5," Declaration of Ownership.

c. Defendant, Alliant Credit Union is a citizen of Illinois. Specifically, Alliant Credit Union is a state-chartered credit union under the laws of Illinois, with its principal place of business in Illinois.

15. Plaintiffs seek to recover at least $109,644.58, exclusive of interest and costs, in this matter. *See* Exhibit "1" at ¶ 12, and Exhibit "2."

16. Movants filed this Notice of Removal within thirty (30) days of service of Plaintiffs' Complaint.

4

17.    Therefore, this Court may properly remove the State Court Action based on diversity jurisdiction.

18.    This Notice of Removal was not filed more than one year after commencement of the action. 28 U.S.C. § 1446(b).

19.    The United States District Court for the District of Oklahoma has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of diversity jurisdiction of Plaintiffs and Movants as set forth with greater particularity above.

20.    Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the District Court of Oklahoma, State of Oklahoma, located within the District of Oklahoma.

21.    In the interest of judicial economy and the fair adjudication of claims brought before the Court, Movants seek removal to this Court.

22.    A written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d).

23.    Promptly after filing in this Court and the assignment of a civil action number, a true and correct copy of this Notice of Removal will be filed with the Clerk of District Court of Oklahoma, State of Oklahoma, as required by U.S.C. § 1446(d). A copy of the notice to be provided to the District Court of Oklahoma, State of Oklahoma is attached hereto as Exhibit "3."

24.    A copy of the State Court Action's docket sheet through the date of filing is attached hereto as Exhibit "4."

5

**WHEREFORE**, Movant, RV Retailer Oklahoma, LLC d/b/a Blue Compass RV and Alliant Credit Union, respectfully request the removal of the State Court Action from the District Court of Oklahoma, State of Oklahoma to the United States District Court of Oklahoma.

Respectfully submitted,

**CALVERT LAW FIRM**

 s/Mary B. Abernathy
Randall Calvert, OBA #14154
Mary B. Abernathy, OBA #13254
Andrew R. Davis, OBA #32763
1041 NW Grand Boulevard
Oklahoma City, Oklahoma 73118
Tel: (405) 848-5000
Fax: (405) 848-5052
rcalvert@calvertlaw.com
mabernathy@calvertlaw.com
adavis@calvertlaw.com
*ATTORNEYS FOR DEFENDANTS*

6

## CERTIFICATE OF MAILING

This is to certify that on this 5th day f March, 2024, a true and correct copy of the above and foregoing was emailed and mailed to the following:

Ms. Kathi Rawls
Rawls Gahlot, PLLC
2404 S. Broadway
Moore, OK 73160
Phone: 405-912-3225
Email: kathi@rawlsgahlot.com
Email: minal@rawlsgahlot.com
*Attorneys for Plaintiffs*

 s/Mary B. Abernathy
Mary B. Abernathy

7